UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., Plaintiff, v. CORAZON CRUZ CHAI, et al, Defendants. | 1: 09-cv-00450 AWI GSA<br>SCHEDULING ORDER (Fed.R.Civ.P 16)<br>Discovery Deadlines:<br>Initial Disclosures: July 1, 2009<br>Non-Expert: December 11, 2009<br>Expert Disclosure: January 8, 2010<br>Supp.Expert Discl: January 22, 2010<br>Expert Discovery: March 12, 2010<br>Motion Deadlines:<br>Non-Dispositive: April 2, 2010<br>Dispositive: May 7, 2010<br>Settlement Conference:<br>August 18, 2009 at 10:00 a.m.<br>Courtroom 10 (GSA), 6th Floor<br>Pre-Trial Conference:<br>July 7, 2010 at 8:30 a.m.<br>Courtroom 2 (AWI), 8th Floor<br>Trial: August 24, 2010 at 8:30 a.m.<br>Courtroom 2 (AWI), 8th Floor<br>2-3 Day Court Trial |

**I. <u>Date of Scheduling Conference</u>**

June 16, 2009.

**II. <u>Appearances of Counsel</u>**

Thomas P. Riley appeared telephonically on behalf of Plaintiff J & J Sports Productions, Inc.

Defendant Corazon Cruz Chai, pro se, personally appeared.

The Court notes that Plaintiff filed a "Unilateral Scheduling Conference Statement." (See Doc. 10.)

**III. Identification of the Parties/Nature of Claims**

Plaintiff J & J Sports Productions, Inc., a closed-circuit distributor of sports and entertainment programming, claims that Defendant Corazon Cruz Chai, individually and d/b/a Inang's Tapsi & BBQ, exhibited the "*Unfinished Business": Manny Pacquiao v. Juan Manuel Marquez II, WBS Super Featherweight Championship Fight Program* of March 15, 2008 (hereinafter "*Program*") at the establishment the Defendant was operating known as "Inang's Tapsi & BBQ" without the necessary closed-circuit (commercial) license they were required to obtain from the Plaintiff.

**IV. Bases of Jurisdiction and Venue**

The instant suit provides for federal question jurisdiction. Violations of two (2) federal telecommunications statutes (47 USC 553, *et seq*., and 47 USC 605 *et seq.*) are alleged in the complaint. A common law count of Conversion is also set forth in the complaint. The Court has pendant jurisdiction of this claim.

Pursuant to 47 U.S.C. Section 605, *et seq*., venue is proper in the United States District Court for the Eastern District of California, in Fresno, because a substantial part of the events or omissions giving rise to the claim occurred in this Division of this District.

**V. Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. § 636 (c), the parties have not consented in writing to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

**VI. Discovery Plan and Cut-Off Dates**

The parties shall complete initial disclosures pursuant to Federal Rule of Civil Procedure 26 on or before **July 1, 2009**. The parties are ordered to complete all discovery pertaining to non-experts on or before **December 11, 2009**.

//

The parties are directed to disclose all expert witnesses, in writing, on or before **January 8, 2010.** The parties shall also disclose all supplemental experts on or before **January 22, 2010**. The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2)(A) and (B) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before **March 12, 2010**. The provisions of Fed. R. Civ. P. 26 (b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking expert designation and preclusion of expert testimony.

**VII. Pre-Trial Motion Schedule**

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than **November 20, 2009**. Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than **May 7, 2010**, and heard in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge. In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

**VIII. Pre-Trial Conference Date**

The pre-trial conference will be held on **July 7, 2010**, **at 8:30 a.m.** in Courtroom 2 before the Honorable Anthony W. Ishii. The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Ishii's chambers by email at awiorders@caed.uscourts.gov. The parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

**IX. Trial Date**

The trial will be held on **August 24, 2010, at 8:30 a.m.** in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

A. Pursuant to Plaintiff, this is a court trial.

B. Plaintiff's Estimate of Trial Time: 2-3 days.

The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

**X. Settlement Conference**

A Settlement Conference will be held on **August 18, 2009, at 10:00 a.m.** in Courtroom 10 before Magistrate Judge Gary S. Austin. Unless otherwise permitted in advance by the Court,[2] **the attorneys who will try the case** shall appear at the Settlement Conference

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

[2] Should counsel wish to appear telephonically, counsel shall contact Judge Austin's courtroom deputy to request permission and make any necessary arrangements at least one week prior to the settlement conference.

**with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[3] at the conference.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Judge Austin's chambers by e-mail to gsaorders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement **should not be filed** with the Clerk of the Court **nor served on any other party,** although the parties may file a Notice of Lodging of Settlement Conference Statement Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

//

//

---

[3] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

**XI. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

The parties have not requested bifurcation.

**XII. Related Matters Pending**

Plaintiff has indicated it is not aware of any related matters.

**XIII. Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIV. Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated: June 17, 2009** /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE