1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | 1:09-cv-00450 AWI GSA |
| ) | |
| Plaintiff, ) | |
| ) | FINDINGS AND RECOMMENDATIONS |
| v. ) | REGARDING PLAINTIFF'S MOTION TO |
| ) | ENFORCE SETTLEMENT AGREEMENT |
| ) | |
| CORAZON CRUZ CHAI, individually and ) | (Document 17) |
| d/b/a/ INANG'S TAPSI & BBQ, ) | |
| ) | |
| Defendant. ) | |

On June 11, 2010, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed its Motion to Enforce Settlement Agreement.  (Doc. 17.)  The matter was heard July 16, 2010, before Magistrate Judge Gary S. Austin.  Thomas P. Riley telephonically appeared on behalf of Plaintiff.  No appearance was made by Defendant.  (Doc. 19.)

**PROCEDURAL BACKGROUND**

On March 10, 2009, Plaintiff filed its complaint against Corazon Cruz Chai, individually and doing business as Inang's Tapsi & BBQ.  The complaint alleges violations of 47 United States Code sections 553 and 605, a violation of California Business and Professions Code section 17200, *et seq*, and a state law claim of conversion.  The complaint seeks damages in excess of $160,000 for the violations alleged.  (Doc. 1.)

//

1    Defendant was personally served with the summons and complaint on April 21, 2009.

2   (Doc. 5.)  On May 6, 2009, Defendant, appearing pro se, filed a written response to the complaint

3   with the Court.  (Doc. 6.)

4    On September 21, 2009, following a settlement conference before the undersigned, the

5   parties agreed to a settlement and the terms of their agreement were placed on the record.  (Doc.

6   15.)

7    On June 2, 2010, it came to the Court's attention that dispositional documents had not

8   been filed and the case remained pending despite the settlement.  The Court issued a minute

9   order requiring Plaintiff to file dispositional documents within ten days, or alternatively, a status

10   report or other appropriate motion.  (Doc. 16.)

11    On June 11, 2010, Plaintiff filed the instant motion seeking to enforce the settlement

12   agreement.  Specifically, Plaintiff seeks an order granting its motion and entry of judgment

13   against Defendant in the sum of $5,000.00, and other relief as may be just and proper.  (Doc. 17.)

14   Defendant did not file a response to the motion.

15                                    **DISCUSSION**

16    "A settlement agreement may be binding, in some circumstances, even if it is an oral

17   one."  *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1145 (9th Cir. 1977). Where the action is

18   still pending, a party may move for an order to enforce a settlement agreement.  3 Schwarzer,

19   Tashima & Wagstaffe, *Cal. Practice Guide: Federal Civil Procedure Before Trial* (2000) Pretrial

20   Conference and Settlement Procedures, ¶ 15:147, p. 15-51.  If a dismissal is not final, a district

21   court has continuing jurisdiction to enforce, modify or vacate the settlement agreement.

22   *Consolidation Coal Co. v. United States Dept. of Interior*, 43 F.Supp.2d 857, 863 (S.D. Oh.

23   1999).  A district court has "inherent power to enforce the agreement in settlement of litigation

24   before it." *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986); *In re Suchy*, 786

25   F.2d 900, 902-903 (9th Cir. 1982).  Such power includes "authority to award damages for failure

26   to comply with the settlement agreement" and to entitle the nonbreaching party to specific

27   performance. *TNT Marketing*, 796 F.2d at 278; *Hobbs & Co. v. American Investors*

28

1  *Management, Inc.*, 576 F.2d 29, 33 & n. 7 (3rd Cir. 1978); *Village of Kaktovik  v. Watt*, 689 F.2d

2  222, 230 (D.C. Cir. 1982).

3  A district court may enforce an oral settlement agreement when the parties placed the

4  material terms of the settlement agreement on the record in open court.  In *Doi v. Halekulani*

5  *Corp.*, 276 F.3d 1131, 1134 (9th Cir. 2002), the parties had negotiated a settlement that was

6  placed on the record before the district court. The parties agreed that they would sign a written

7  agreement memorializing the settlement, as well as a stipulation dismissing the action.  *Id*. at

8  1135. The plaintiff subsequently declined to sign the agreement or stipulation, seeking instead to

9  renegotiate the terms of the settlement.  *Id*.  Thereafter, the district court granted the defendant's

10  motion to enforce the settlement agreement and awarded sanctions against plaintiff.  *Id*. at 1136.

11  The Ninth Circuit affirmed the ruling, holding that the district court had not abused its discretion

12  in enforcing the settlement agreement because the parties clearly entered into a binding

13  agreement in open court. The Ninth Circuit agreed with the district court that the terms and

14  existence of the agreement were on the record and that the parties' written agreement accurately

15  reflected the terms of the agreement on the record. *Id.* at 1139-40.  Following *Doi*, numerous

16  district courts have enforced oral settlement agreements under similar circumstances.  As in *Doi*,

17  the terms of the oral settlement agreement were read into the court record. *See Armstrong v. City*

18  *& County of San Francisco*, 2004 U.S. Dist. LEXIS 24505, *8-12, 2004 WL 2713068 (N.D. Cal.

19  June 15, 2004); *Hubbard v. Yardage Town, Inc.*, 2005 U.S. Dist. LEXIS 40404, *6-10, 2005 WL

20  3388146 (S.D. Cal. Nov. 29, 2005); *Doe v. Washoe County*, 2006 U.S. Dist. LEXIS 95312,

21  *25-26, 2006 WL 4013779 (D. Nev. Oct. 13, 2006); *Scoff v. City & County of San Francisco*,

22  2007 U.S. Dist. LEXIS 50532, *6-11, 2007 WL 4976551 (N.D. Cal. July 12, 2007).

23  On September 21, 2009, Defendant agreed to pay the total sum of $5,000 as settlement of

24  Plaintiff's claims.  The money was to be paid "on or before October 21st, 2009" and provided to

25  counsel for Plaintiff.  It was also agreed that Plaintiff's counsel would prepare a release and a

26  stipulation of dismissal.  (Doc. 15 at 2.)  Once the terms of the agreement were memorialized on

27  the record, the following colloquy occurred:

28

3

1    THE COURT: All right.  Mr. Chai, do you fully understand and agree to
the terms of the settlement?  First of all, do you understand the terms of the
2    settlement?
     MR. CHAI: Yes, I do.
3    THE COURT: And do you agree to be bound by them?
     MR. CHAI: Yes.

4

5    (Doc. 15 at 3.)  The settlement is binding and this Court has the power to enforce this settlement.

6    *Doi v. Halekulani Corp.*, 276 F.3d at 1139-40; *TNT Marketing, Inc. v. Agresti*, 796 F.2d at 278.

7    Plaintiff's motion advises the Court that despite Defendant's oral agreement to the terms

8    of the settlement on the record, "Defendant later changed his mind prior to signing the written

9    agreement . . .."  (Doc. 17 at 4.)  Defendant has failed to pay the $5,000 in settlement of

10   Plaintiff's claims.  Attached to counsel's declaration is a letter dated October 13, 2009, from

11   Defendant wherein Defendant acknowledged receipt of counsel's previous correspondence and

12   the settlement documents.  There is some confusion about the date upon which the settlement

13   monies were to be paid,[1] nevertheless, Defendant went on to state as follows:

14                Due to multiple circumstances, closure of the business on July 1st 09,
             personal financial refrain [*sic*], and personal medical situation, I am unable to
15           come up with the settlement sum . . ..
                 Therefore, it is your prerogative to reinstate the suit.
16

17   (Doc. 17, Riley Decl., Ex. 5.)

18   Moreover, the Court has reviewed the settlement documents, as well as the accompanying

19   correspondence of Plaintiff's counsel, and finds them to be accurate and consistent with the

20   terms of the settlement as placed on the record.  (*See* Doc. 17, Riley Decl., Exs. 2-4.)

21   While this Court is certainly sympathetic to Defendant's circumstances as reflected in the

22   letter to Plaintiff's counsel, Defendant may not simply change his mind and eschew the

23   settlement.

24   //

25   //

26   //

27

28       [1]A typographical error on one of Plaintiff's settlement documents referenced October 1,
     2009, however, other related documents reference the correct date of October 21, 2009.

4

**CONCLUSION AND RECOMMENDATIONS**

For the foregoing reasons, this RECOMMENDS as follows:

1.      That Plaintiff's Motion to Enforce Settlement Agreement be GRANTED; and

2.      That JUDGMENT be entered in favor of Plaintiff J & J Sports Productions, Inc. and against Defendant Corazon Cruz Chai, individually and d/b/a INANG'S TAPSI & BBQ, in the amount of $5,000.00.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

IT IS SO ORDERED.

**Dated:   July 27, 2010**              _____/s/ **Gary S. Austin**_____
                                               UNITED STATES MAGISTRATE JUDGE